**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **vs.**            **CRIMINAL NO. 11-CR-30224-DRH**

**TOMMIE LEE SHELBY,**

      **Defendant.**

# PRELIMINARY ORDER OF FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO FIREARMS OF TOMMIE LEE SHELBY

**HERNDON, Chief Judge:**

In the Indictment filed in the above cause on December 14, 2011, the United States sought forfeiture of property of defendant, Tommie Lee Shelby, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The court, upon consideration of guilty plea in this matter, hereby finds that the following property is forfeitable and hereby orders forfeited the following property:

    **One Olympic Arms, Plinker Model, .223 caliber rifle, bearing serial number SCW2071;**

    **One Hi Point, CF 380, .380 caliber semi-automatic pistol, bearing serial number P862939;**

    **One Taurus, PT24/7, .45 caliber semi-automatic pistol, bearing serial number NYL71064;**

    **One Taurus, PT24/7 Pro, .40 caliber semi-automatic pistol, bearing serial number SAV27138;**

**One Romanian/CPI, Draco, 7.62 x 39mm rifle, bearing serial number DC8807-11;**

**One Hi-Point Model C9, 9mm semi-automatic pistol, bearing serial number P1495045; and**

**One Bryco, Jennings T380, .380 caliber, semi-automatic pistol, bearing serial number    1432689.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. The notice shall be provided in a manner consistent with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim for relief.

The United States shall, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the

court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the property custodian for the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Tommie Lee Shelby at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Tommie Lee Shelby and shall be included in the Judgment imposed against the Defendant. This Order is a final order with respect to the Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of the property by filing notice of the abandonment with the Court.

**IT IS SO ORDERED.**

**DATED: March 15, 2012**

David R. Herndon
2012.03.15
11:21:02 -05'00'

**Chief Judge
United States District Court**